IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV49-03-MU

| | |
|---|---|
| STEVE D. MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ALEXANDER CORRECTIONAL INST., ) | |
| EARNEST BROWN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 28, 2008. (Document No. 1. ) Upon careful consideration by the Court, for the reasons set forth herein, the Plaintiff's Complaint will be dismissed.

Plaintiff complains that after he flooded his cell twice in two days,[1] Defendant Lieutenant Brown directed that Plaintiff's personal property be removed from his cell and his water be turned off for 72 hours. Plaintiff contends that such punishment is a violation of his Eight Amendment right against cruel and unusual punishment.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. First, Alexander Correctional Institution is not a person pursuant to § 1983 and is therefore dismissed from this action.

Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. Conditions must rise to the level of a deprivation of a basic human need

---

[1] Complaint at 4 and 9 (grievance attached to Plaintiff's Complaint).

1

such as food, warmth or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). In addition, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A plaintiff must also produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993) but see 42 U.S.C. § 1997(e) (prisoner cannot maintain a § 1983 action for mental or emotional injury absent physical injury). The Court is also mindful that the constitutional prohibition against cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to from the basis of an Eighth Amendment violation." Wilson v. Seitser, 501 U.S. 294, 298 (1991).

Based upon the facts in his Complaint, Plaintiff cannot establish that shutting the water off in his cell for 72 hours, after he flooded his cell twice, resulted in the deprivation of a basic human need.[2] Further, Defendant Brown's decision to turn off Plaintiff's water for 72 hours was not without penological justification. Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Moreover, a prisoner cannot maintain a § 1983 action for mental or emotional injury absent physical injury. Here, Plaintiff does not allege a physical injury, but contends that he suffered mental and emotional distress.

For the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted.

---

[2] Plaintiff does not allege that he was restricted from using the bathroom facilities during this time, but only that the water in his cell was turned off for 72 hours after he twice flooded his cell.

**SO ORDERED**.

Signed: June 2, 2008

Graham C. Mullen
United States District Judge